UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANISLAV JOVANOVIC, ) | |
| ) | |
| Plaintiff, ) | 2:12-CV-1758-LRH-GWF |
| ) | |
| v. ) | |
| ) | ORDER |
| BLUFOREST, INC., ) | |
| ) | |
| Defendant. ) | |

Before the court is defendant BluForest, Inc.'s ("BluForest") motion to dismiss for *forum non conveniens*. Doc. #7.[1] Plaintiff Branislav Jovanovic ("Jovanovic") filed an opposition (Doc. #14) to which BluForest replied (Doc. #15).

I.   **Facts and Procedural History**

Plaintiff Jovanovic was the sole officer and director of Greenwood Gold Resources, Inc. ("Greenwood"). In 2012, Greenwood was acquired by a group of individuals and became defendant BluForest. As part of the 2012 acquisition, BluForest allegedly promised to pay Jovanovic $75,000 in exchange for his agreement to step down as officer and director of the company. Jovanovic alleges that BluForest failed to pay the promised $75,000 after he stepped down.

Subsequently, Jovanovic filed the underlying complaint for breach of contract. Doc. #1.

---

[1] Refers to the court's docketing number.

Thereafter, BluForest filed the present motion to dismiss for *forum non conveniens*. Doc. #7.

## II.   Discussion

A court should dismiss a complaint for *forum non conveniens* when an alternative forum has jurisdiction to hear the action and litigating the action in the chosen forum would prejudice the parties' ability to prosecute and defend the litigation. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429-30 (2007). Courts examine several factors in determining whether to dismiss an action for *forum non conveniens* including: (1) the relative ease of access to sources of proof; (2) the availability of compulsory processes for attendance of unwilling witnesses; (3) the cost of obtaining attendance of willing witnesses; (4) enforceability of a judgment; (5) and "all other practical problems that make trial of case easy, expeditious, and inexpensive." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). Where, as here, the plaintiff is not American, less deference is given to plaintiff's choice of a U.S. forum. *Sinochem Int'l.*, 549 U.S. at 430.

In its motion, BluForest argues that the Alberta court system in Canada is the more appropriate and convenient forum for adjudicating the controversy. *See* Doc. #7. The court agrees.

First, the court finds that the Court of Queen's Bench of Alberta, Canada has jurisdiction over the underlying dispute.[2] Second, plaintiff Jovanovic is a Canadian citizen residing in Alberta and, while an officer and director of BluForest, worked in Alberta. Third, defendant BluForest has corporate offices and headquarters in Alberta and has agreed to service of process there. Fourth, the court notes that both the majority of witnesses and physical evidence necessary to prosecute and defend this litigation is in Alberta, thus, a Canadian court is more convenient to compel discovery and witness testimony. Finally, the court finds that Canadian law both governs the dispute as the underlying agreement and contracts were made and provides an appropriate remedy for breach of contract claims. Therefore, weighing all of these factors, the court finds that the Alberta court

---

[2] On October 4, 2012, the day before this action was filed, the Court of Queen's Bench of Alberta, Canada issued an order determining that it had jurisdiction over the underlying disputes between the parties, including the agreements at issue. *See* Doc. #7, Exhibit 1-C.

system in Canada is the more appropriate and convenient forum. Accordingly, the court shall grant BluForest's motion to dismiss and dismiss this action without prejudice.

IT IS THEREFORE ORDERED that defendant's motion to dismiss for forum non conveniens (Doc. #7) is GRANTED. Plaintiff's complaint (Doc. #1) is DISMISSED in its entirety without prejudice.

IT IS SO ORDERED.

DATED this 8th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE